# Exhibit A

## **MEMORANDUM OF UNDERSTANDING**

This Memorandum of Understanding ("MOU") is entered into as of November 12, 2014, by and among the undersigned parties to the action captioned *Amo v. Integrys Energy Group, et al.*, Case No. 2014CV005352 (the "Amo Action") pending before the Circuit Court of Milwaukee County, Wisconsin (the "Wisconsin Court"), and to the parallel proceedings captioned *Steiner v. Budney, et al.*, Case No. 1:14-cv-06509 and *Tri-State Joint Fund v. Integrys Energy Group, Inc., et al.*, Case No. 1:14-cv-06816 (the "Federal Actions", and together with the Amo Action, the "Actions"), in the United States District Court for the Northern District of Illinois (the "Federal Court", and together with the Wisconsin Court, the "Court"). The plaintiffs in the Actions ("Plaintiffs") include David Amo, Constantino Albera, Ellin Black, Samuel Rubin, Pauline Rubin, Adam Ari Blachor, Bruce Inman, William Steiner, Bennett R. Collison, and Tri-State Joint Fund, shareholders of Integrys Energy Group, Inc. ("Integrys"). The defendants in the Actions are William J. Brodsky, Albert J. Budney, Jr., Ellen Carnahan, Michelle L. Collins, Kathryn M. Hasselblad-Pascale, John W. Higgins, Paul W. Jones, Holly Keller Koeppel, Michael E. Lavin, William F. Protz, Jr., Charles A. Schrock, (collectively, the "Director Defendants"), Gale E. Klappa, Integrys, and Wisconsin Energy Corp. ("Wisconsin Energy", together with Integrys, the Director Defendants, and Defendant Klappa, the "Defendants").

**WHEREAS,** on June 23, 2014, Integrys and Wisconsin Energy announced that their respective boards of directors had unanimously approved an agreement and plan of merger (the "Merger Agreement"), pursuant to which Wisconsin Energy will acquire Integrys in return for consideration of $18.58 and 1.128 shares of Wisconsin Energy common stock for each share of Integrys (in its entirety, the "Proposed Acquisition");

**WHEREAS,** on June 25, Plaintiff David Amo initiated the Amo Action by filing a Class Action Complaint in the Wisconsin Court on behalf of himself and all other similarly situated public shareholders of Integrys, against the Director Defendants, Wisconsin Energy, and Integrys, alleging that the Director Defendants breached their fiduciary duties in connection with the Proposed Acquisition, and that Wisconsin Energy and Integrys aided and abetted those alleged breaches;

**WHEREAS**, between June 27 and September 10, different plaintiffs filed nine additional class and/or derivative actions purportedly on behalf of shareholders of Integrys and/or Integrys derivatively against substantially the same defendants as the Amo Complaint. One additional lawsuit was filed in the Circuit Court of Milwaukee County, Wisconsin—a putative class action and derivative lawsuit captioned, *Inman v. Shrock [sic], et al.*, Case No. 14CV007289 (Aug. 29, 2014) (the "Inman Action"). Two putative class action lawsuits were filed in Circuit Court of Cook County, Illinois, captioned, *Taxman v. Integrys Energy Group, Inc., et al.*, C.A. No. 2014CH10977 (July 1, 2014), and *Curley v. Integrys Energy Group, Inc., et al.*, C.A. No. 2014CH11508 (July 14, 2014) (the "Illinois Actions"). Three putative class action lawsuits were filed in the Circuit Court of Brown County, Wisconsin: *Rubin v. Integrys Energy Group, Inc., et al.*, Case No. 14CV942 (June 27, 2014); *Blachor v. Integrys Energy Group, Inc., et al.*, Case No. 14CV987 (July 8, 2014); and *Albera v. Integrys Energy Group, Inc., et al.*, Case No. 2014CV1014 (July 11, 2014) (the "Brown County Actions"). Three lawsuits were filed in the United States District Court for the Northern District of Illinois—two putative class and derivative action lawsuits captioned *Steiner v. Budney, et al.*, C.A. No. 1:14-CV-06509 (August 22, 2014, amended September 8, 2014) and *Collison v. Schrock, et al.*, C.A. No. 1:14-CV-07011

2

(September 10, 2014) (the "Steiner and Collison Actions"), which were consolidated on October 15, 2014, and a putative class action lawsuit captioned *Tri-State Joint Fund v. Integrys Energy Group, Inc., et al.*, C.A. No. 1:14-CV-06816 (the "Tri-State Action") (September 3, 2014).

**WHEREAS**, on August 11, 2014, Defendants filed a Motion to Dismiss the Amo Action;

**WHEREAS**, on August 12, 2014, the plaintiffs in the Brown County Actions voluntarily dismissed their suits without prejudice. The Albera Action was dismissed, but the Rubin and Blachor Actions were consolidated with the Amo Action.

**WHEREAS,** on August 13, 2014, Wisconsin Energy filed with the U.S. Securities and Exchange Commission ("SEC") a Form S-4 registration statement containing a preliminary joint proxy statement/prospectus;

**WHEREAS**, on August 18, 2014, Plaintiff Amo moved the Court to stay the Amo Action in favor of the Illinois Actions, and the Court denied such motion following a hearing on September 4, 2014;

**WHEREAS,** on September 22, 2014, Wisconsin Energy filed with the SEC an amended Form S-4 registration statement, including an amended joint proxy statement/prospectus (the "Registration Statement");

**WHEREAS,** on September 23, 2014, Defendants produced to counsel for Plaintiff Inman the official meeting minutes for meetings of the Integrys board of directors in which the Proposed Acquisition was discussed, as well as materials distributed to the Integrys board of directors in connection with those meetings;

**WHEREAS,** on September 26, 2014, counsel for Plaintiff Inman conveyed to Defendants a confidential settlement communication, wherein it demanded certain additional

3

supplemental disclosures based on its review of the documents produced by Defendants;

**WHEREAS,** on September 29, 2014, counsel for Defendants and Plaintiff Inman engaged in confidential settlement communications, but were unable to come to a mutually-agreeable resolution;

**WHEREAS**, on September 30, the Illinois Actions were dismissed in favor of the Amo Action and the Inman Action;

**WHEREAS**, on October 3, 2014, Plaintiff Amo, joined by plaintiffs from the Brown County Actions, filed a Class Action Amended Complaint in the Amo Action adding allegations that the Director Defendants breached their fiduciary duties by failing to disclose material information in connection with the Proposed Acquisition, and that Wisconsin Energy and Integrys aided and abetted those alleged breaches;

**WHEREAS**, on October 6, 2014, Defendants filed a Motion for a Protective Order Staying Discovery Pending a Decision on Their Motions to Dismiss the Amo Action;

**WHEREAS**, on October 6, 2014, after conclusion of a comment process, the SEC declared the Registration Statement effective, and Wisconsin Energy and Integrys each announced that the shareholder vote on the Proposed Acquisition had been scheduled for November 21, 2014;

**WHEREAS**, on October 7, 2014, Plaintiff Amo, joined by plaintiffs from the Brown County Actions, filed a Motion For Limited Expedited Discovery;

**WHEREAS**, on October 17, 2014, the Inman Action was consolidated with the Amo Action;

**WHEREAS**, on October 21, 2014, Plaintiff Inman in the consolidated Amo Action filed

a Motion for Expedited Discovery and a Preliminary Injunction;

**WHEREAS**, on October 24, 2014, the Director Defendants and Integrys filed a Motion to Dismiss Plaintiff Inman's Class Action and Derivative Complaint and Wisconsin Energy filed a Motion to Dismiss Count III of Plaintiff Inman's Class Action and Derivative Complaint;

**WHEREAS**, on October 26, 2014, Plaintiffs in the Amo Action communicated to Defendants a confidential settlement communication, wherein they demanded certain supplementary disclosures and certain modifications to the Merger Agreement to be memorialized in a memorandum of understanding as a basis for settlement;

**WHEREAS**, on October 29, 2014, at a joint scheduling conference, counsel for Plaintiffs represented that Plaintiff Inman was joining Plaintiffs in the Amo Action and would not be prosecuting the Inman Action separately;

**WHEREAS**, at the October 29, 2014 joint scheduling conference, the Court declined to stay discovery, declined to schedule a preliminary injunction hearing or order expedited discovery prior to the scheduled November 21, 2014 shareholder vote, and set a schedule for the litigation and discovery, including a preliminary injunction and motion to dismiss hearing on February 12, 2015;

**WHEREAS**, on October 29, 2014, the Director Defendants and Integrys filed a Motion to Dismiss the Amo Action and Wisconsin Energy filed a Motion to Dismiss Count II of the Amo Action;

**WHEREAS**, on October 31, 2014, Defendants produced certain core documents to Plaintiff Amo;

**WHEREAS**, on November 3, 2014, Plaintiffs filed a Motion for a Preliminary Injunction

seeking to enjoin the closing of the Proposed Transaction;

**WHEREAS** all of the actions which the above-listed plaintiffs continue to prosecute (i.e., those that have not been voluntarily or involuntarily dismissed)—the Amo Action, the Steiner and Collison Actions, and the Tri-State Action—have alleged that the preliminary joint proxy statement/prospectus or Registration Statement is materially deficient. All of the actions except the Tri-State Action also allege that the Director Defendants breached their fiduciary duties in connection with the Proposed Acquisition and that Wisconsin Energy aided and abetted those alleged breaches. The plaintiff in the Tri-State action alleges federal securities laws claims and also names Gale E. Klappa, Wisconsin Energy's Chief Executive Officer, as a defendant. Defendants have maintained that the challenges to the Proposed Acquisition are all meritless, that no discovery is warranted, and that they should be litigated in this Court and in no other forum.

**WHEREAS,** counsel for Plaintiffs and Defendants (collectively the "Parties") in the Actions have engaged in negotiations concerning a possible settlement of the Actions, and the Parties have reached an agreement to settle the Actions as described herein;

**WHEREAS,** Plaintiffs and their counsel believe, subject to confirmatory discovery that a settlement of the Actions on the terms reflected in this MOU is fair, reasonable, adequate, and in the best interests of Integrys's public shareholders;

**WHEREAS,** Defendants, to avoid the costs, disruption, and distraction of further litigation, and without admitting the validity of any allegations made in the Actions or of any of the additional purported concerns expressed by Plaintiffs about the Proposed Acquisition, or any liability with respect thereto, have concluded that it is desirable that the claims against them be

6

settled on the terms reflected in this MOU, and in the absence of Plaintiffs' claims would not have made the supplemental disclosures called for by this MOU;

**WHEREAS,** Plaintiffs' believe that their claims have substantial merit and are settling the Action only because they believe, subject to confirmatory discovery as provided for herein, that a settlement of the Action on the terms reflected in this Memorandum of Understanding is fair, reasonable and adequate and

**WHEREAS,** Defendants specifically deny the allegations made in the Actions and all other purported concerns expressed with respect to the Proposed Acquisition and the Merger Agreement, and Defendants maintain that they have committed no breach of fiduciary duty or other wrongdoing whatsoever, have committed no disclosure or other violations in connection with the Merger Agreement or the Registration Statement, and any amendments, supplements, or modifications to any of the foregoing, and any other public disclosures made in connection with or regarding the Proposed Acquisition, and have not aided or abetted any breach of fiduciary duty or other alleged wrongdoing.

**NOW THEREFORE,** on November 12, 2014, the Parties to the Actions reached the following agreement in principle, which, when reduced to a stipulation of settlement following negotiations by the Parties in good faith, is intended to be a full and final resolution of the Released Claims (as defined in paragraph 8) and the Actions (the "Settlement"):

1. **Additional Disclosures.** The Parties agree that Integrys and/or Wisconsin Energy will cause supplemental disclosures, substantially in the form attached hereto as Exhibit A (the "Additional Disclosures"), to be filed with the SEC in a current report on form 8-K within one business day of the execution of this MOU.

2.       **Confirmatory Discovery**. Defendants agree to provide Plaintiffs with reasonable, mutually agreeable confirmatory discovery from Integrys to confirm that the Settlement is fair, reasonable and adequate.  If Plaintiffs are unable to confirm and determine in good faith, based upon information obtained in the confirmatory discovery, that the Settlement is fair, reasonable and adequate pursuant to the confirmatory discovery, Plaintiffs' Counsel shall notify Defendants in writing within five (5) business days after the completion of the confirmatory discovery, and the Settlement and this MOU shall be terminated and rendered null and void.

3.       **Modifications and Amendments to Merger.**  Plaintiffs acknowledge that the parties to the Merger Agreement may (but shall not be obligated to) negotiate or agree to amendments or modifications to the Merger Agreement or the Registration Statement and/or make further disclosures as may be necessary or required prior to the effective time of the Proposed Acquisition to facilitate the consummation of the Proposed Acquisition, and Plaintiffs agree that they will not challenge or object to or bring any action related to any such amendments or modifications so long as they are not inconsistent with the material terms of the Settlement as reflected in this MOU.

4.       **Stipulation of Settlement.**  Contingent upon the satisfactory completion of confirmatory discovery, and unless Plaintiffs' counsel determines in good faith, based upon information obtained in the confirmatory discovery, that the Settlement is not fair, reasonable and adequate,  the Parties shall attempt in good faith and use their best efforts to negotiate and execute an appropriate Stipulation of Settlement (the "Stipulation"), present the Stipulation and such other documentation as may be required to obtain the Wisconsin Court's approval of the Settlement (the "Settlement Documents") to the Wisconsin Court as soon as practicable

8

following execution of the Stipulation, and obtain final court approval of the Settlement, including entry of a final order and judgment approving the Settlement, dismissing the Amo Action on the merits with prejudice as to all claims asserted or which could have been asserted in the Actions, and without costs to any Party (other than as expressly provided herein), and providing for the releases set forth in paragraph 8 of this MOU, which order and judgment is no longer subject to further appeal or review. The Parties shall further attempt in good faith and use their reasonable best efforts to obtain dismissal of the Federal Actions as set forth in paragraph 8. If the Parties are unable to reach agreement with respect to the Stipulation, then any of the Parties to this MOU have the right to seek the Wisconsin Court's approval of the Settlement to enforce the terms of this MOU.

5. **Certification of Class.** The Stipulation shall provide for the conditional certification by the Wisconsin Court, pursuant to Wis. Stat. § 803.08, for settlement purposes only, of the Amo Action as a non-opt out class action on behalf of a class that consists of all record and beneficial owners of common stock of Integrys who owned shares of Integrys common stock at any time during the period beginning on June 23, 2014 through the date of the consummation of the Proposed Acquisition (the "Class Period"), including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them (collectively, the "Class"). Excluded from the Class are Defendants, members of the immediate family of any Director Defendant or Gale E. Klappa, any entity in which a Defendant has or had a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excluded person.

6.     **Stay Pending Court Approval.**  Pending negotiation, execution, and final Court approval of the Stipulation and Settlement, Plaintiffs agree to stay the proceedings in the Actions and to stay and not to initiate any proceedings other than those incident to the Settlement itself. The Parties also agree to use their best efforts to prevent, stay, seek dismissal of or oppose entry of any interim or final relief in favor of any member of the Class in any other litigation against any of the Parties to this MOU that challenges the Settlement or the Proposed Acquisition (including the Merger Agreement and any public disclosures, statements, or filings made in connection therewith), or otherwise involves a Released Claim (as defined in paragraph 8).  If any Released Claims brought against any Released Party (as defined in paragraph 8) are not dismissed with prejudice or stayed in contemplation of the dismissal of the Actions, any Released Party may (but is not obligated to) render this MOU null and void.

7.     **Injunction Against Further Proceedings.**  The Parties shall cooperate in obtaining the dismissal or withdrawal of any and all actions related to the subject matter of the Actions with prejudice, including where appropriate, joining in any motion to dismiss or demurrer to such litigation.

8.     **Dismissal with Prejudice, Waiver, and General Releases.**  The Stipulation shall provide for the entry of judgment by the Wisconsin Court in appropriate form dismissing the Amo Action with prejudice on the merits and for a general release barring, settling, permanently enjoining, discharging, and releasing all claims, demands, actions or causes of action, rights, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, accrued or

10

unaccrued, that have been, could have been, or in the future can or might be asserted in the

Actions or in any court, tribunal, or proceeding (including, but not limited to, any claims arising

under federal, state, or foreign statutory or common law relating to alleged fraud, breach of any

duty, negligence, violations of the federal securities laws or state disclosure laws or otherwise),

by or on behalf of Plaintiffs or any member of the Class (whether individual, class, direct,

derivative, representative, legal, equitable, or any other type in their capacity as shareholders

during the Class Period), against any or all of the Released Parties (as defined below), whether or

not any such Released Parties were named, served with process, appeared in the Actions, or are a

party to this MOU, which have arisen, could have arisen, arise now or hereafter arise out of, or

relate in any manner to the allegations, facts, events, acquisitions, matters, acts, occurrences,

statements, representations, omissions, or any other matter, thing or cause whatsoever, or any

series thereof, embraced, involved or set forth in, or referred to or otherwise related, directly or

indirectly, in any way to: (i) the matters alleged in any pleadings or briefs filed in the Actions;

(ii) the Merger Agreement and the transactions contemplated thereby, including the Proposed

Acquisition; (iii) the Registration Statement and any amendments, supplements, or modifications

to any of the foregoing, and any other public disclosures made in connection with or regarding

the Proposed Acquisition; (iv) the fiduciary obligations (including any disclosure obligations) of

any of the Defendants or Released Parties in connection with the Merger Agreement, the

Proposed Acquisition, the Registration Statement or any amendments, supplements, or

modifications to any of the foregoing, including a definitive joint proxy statement/prospectus,

and any other public disclosures made in connection with or regarding the Proposed Acquisition;

(v) the negotiations in connection with the Merger Agreement and Proposed Acquisition; or (vi)

11

any and all conduct by any of the Defendants or any of the other Released Parties arising out of or relating in any way to the negotiation or execution of this MOU and any subsequent Stipulation (collectively, the "Released Claims"). The Released Claims shall include any and all claims under the federal securities laws related to the Registration Statement and any amendments, supplements, or modifications to any of the foregoing, and any other public disclosures, statements, or filings filed in connection with the Proposed Acquisition, the Merger Agreement, or any of the transactions contemplated thereby, including the Proposed Acquisition. The Settlement shall provide for a waiver of any statutory provision or common law doctrine that limits the scope of a general release, including, but not limited to, an express waiver of any rights or benefits under Section 1542 of the California Civil Code. The Released Claims shall not include the right of any person to enforce the terms of the Settlement. The Settlement also shall provide a release for Plaintiffs, class members, and their counsel. As used herein, the term "Released Parties" shall include all Defendants to the Actions, including, for the avoidance of doubt, Integrys, Wisconsin Energy, WEC Acquisition Corp., GET Acquisition Corp., Charles A. Schrock, William J. Brodsky, Albert J. Budney, Jr., Ellen Carnahan, Michelle L. Collins, Kathryn M. Hasselblad-Pascale, John W. Higgins, Paul W. Jones, Holly Keller Koeppel, Michael E. Lavin, William F. Protz, Jr., and Gale E. Klappa, as well as each of their respective families, parent entities, controlling persons, associates, affiliates, predecessors, successors, or subsidiaries, and each and all of their respective past or present officers, directors, shareholders, members, principals, managers, representatives, employees, attorneys, insurers, financial or investment advisors, consultants, accountants, investment bankers (including any entity providing a fairness opinion relating to the Proposed Acquisition), agents, general or

limited partners or partnerships, limited liability companies, heirs, executors, trustees, personal or legal representatives, estates, administrators, predecessors, successors, and assigns, whether or not any such Released Parties were named, served with process, or appeared in the Actions.  The Stipulation shall further provide that within five (5) business days after entry by the Wisconsin Court of an entry of judgment dismissing the Amo Action, the parties to the Federal Actions shall jointly apply to the Federal Court for dismissal with prejudice of the Federal Actions, and shall use their reasonable best efforts to take, or cause to be taken, all actions, and to do, or cause to be done, all things reasonably necessary, proper, or advisable under applicable laws, regulations and agreements, to secure such dismissals with prejudice.  In the event that such joint application is not filed, in any federal action arising out of or related to the facts and issues in the Actions, including the Federal Actions, Defendants may move to dismiss such federal action on grounds of release, waiver, forfeiture, estoppels, and/or *res judicata*, and all Parties agree not to oppose such motion. The Stipulation will include a provision that, upon final approval of the Settlement, Defendants and the Released Persons shall be deemed to have, and by operation of the judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the members of the Class, and Plaintiffs' counsel from all claims, sanctions, actions, liabilities or damages (including unknown claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Settled Claims. Notwithstanding the foregoing, Plaintiff in the Tri-State Action may move to reopen the dismissed Tri-State Action only for purposes of making a fee application pursuant to paragraph 11.

9.    **Denial of Liability.**  The Stipulation shall provide that Defendants have denied

and continue to deny the allegations made in the Actions and any wrongdoing or liability whatsoever with respect thereto, and that they have maintained and continue to maintain that they have committed no breach of fiduciary duty or other wrongdoing whatsoever, and have committed no disclosure or other violations, in connection with the Proposed Acquisition, the Merger Agreement, the Registration Statement or any amendments, supplements, or modifications to any of the foregoing, and any other public disclosures made in connection with or regarding the Proposed Acquisition, and have not aided or abetted any breach of fiduciary duty or other alleged wrongdoing.  Nothing in this MOU or in the Stipulation shall be interpreted so as to waive, forfeit, or otherwise estop Defendants from continuing to pursue any position Defendants have asserted formally or informally in court filings or other communications, including, but not limited to, any positions taken with respect to jurisdiction, venue, discovery, the propriety of expedited proceedings or discovery, class certification, or the availability or propriety of injunctive relief, in this Actions or any other litigation concerning the Proposed Acquisition.  For the avoidance of doubt, Defendants' position continues to be that all challenges to the Proposed Acquisition belong in this Court; that all challenges to the Proposed Acquisition brought in any court are meritless in all respects and should be dismissed; and that accordingly no injunctive relief, expedited proceedings, or discovery are warranted.

10. **Notice.**  The Stipulation shall include an agreement by the Parties as to the form, content, and manner of notice of settlement to be provided to members of the Class, subject to the Wisconsin Court's approval (when approved by the Court, the "Notice").  Integrys shall be responsible for providing the Notice to the members of the Class.  Integrys (or its or the Integrys Board's insurer(s) or Integrys's successor-in-interest) shall pay, on behalf of and for the benefit

of all Defendants, any and all reasonable costs and expenses incurred in providing Notice to the members of the Class.

11.     **Fees and Expenses.**  Subject to the terms and conditions of this MOU, the terms and conditions of the Stipulation contemplated hereby, and consummation of the Proposed Acquisition, and subject further to approval of the Settlement and such fees and expenses by the Court, Integrys (or its or the Integrys Board's insurer(s) or Integrys's successor-in-interest) will, on behalf of itself and for the benefit of the other Defendants in the Actions, pay or cause to be paid such reasonable attorneys' fees and expenses as may be awarded by the Court.  Defendants and Plaintiffs will negotiate in good faith regarding the amount of reasonable attorneys' fees and expenses that Integrys (or its or the Integrys Board's insurer(s) or Integrys's successor-in-interest) will, subject to the Court's approval, pay or cause to be paid to Plaintiffs' counsel.  If the Parties are able to reach agreement on such an amount, Plaintiffs and Plaintiffs' counsel will seek an order from the Court awarding reasonable fees and expenses to Plaintiffs' counsel in an amount not to exceed the agreed-upon amount.  The Parties agree that Defendants (or its or the Integrys Board's insurer(s) or Integrys's successor-in-interest) shall not, under any circumstances, be required to pay or cause to be paid fees and expenses in an amount higher than the agreed-upon amount, and that if the Court awards an amount of fees and expenses that is less than the agreed-upon amount, Plaintiffs and Plaintiffs' counsel will accept the reduced amount. If the Parties are unable to reach agreement on an amount of Plaintiffs' reasonable attorneys' fees and expenses, the Parties intend to, and do, preserve all arguments in connection with any petition for attorneys' fees and expenses by Plaintiffs' counsel to the extent that such arguments do not directly contradict the facts set forth herein.  However, any failure by the Parties to reach

15

agreement on an amount of reasonable attorneys' fees and expenses, or any decision by the Court

not to approve (or to reduce) any agreed-upon amount of attorneys' fees and expenses, shall not

affect the validity of the Settlement.  Plaintiffs agree and confirm that they will not seek a

separate award of attorneys' fees and expenses in connection with the Actions, unless Plaintiffs'

counsel are unable, after good faith negotiations, to agree on an allocation of attorneys' fees and

expenses, in which case counsel for Plaintiff in the Amo Action and counsel for Plaintiff in the

Tri-State Action reserve their right to submit one application to the Wisconsin Court and one

application to the Federal Court, respectively, for an award of their attorneys' fees and expenses

separate and apart from each other, and Defendants reserve their right to oppose the amounts

sought in any such application.  Accordingly, in the event that Plaintiffs elect to make separate

applications for fees and expenses, prior to any hearing on either application the Wisconsin

Court and the Federal Court shall each be provided with copies of any fee and expense

applications made to either court.  The applications provided for in this paragraph shall be the

sole applications for fees, costs or any expense or reimbursement in connection with any

stockholder litigation brought by or on behalf of any member of the Class arising from the

Proposed Acquisition. Subject to any necessary court approvals, Plaintiffs and their counsel shall

be solely responsible for the allocation of any fee award among all Plaintiffs' counsel.

Defendants have agreed that, subject to the Court's approval, consummation of the Proposed

Acquisition, and the provisions of this paragraph 11, Integrys (or Integrys's or the Integrys

Board's insurer(s) or Integrys's successor-in-interest) will pay or cause to be paid to Plaintiffs'

counsel, on behalf of and for the benefit of all Defendants, such reasonable attorneys' fees and

reimbursement of expenses as are awarded by the Court (the "Fees and Expenses").  Integrys (or

16

its or the Integrys Board's insurer(s) or Integrys's successor-in-interest) shall pay or cause to be paid the Fees and Expenses within ten (10) calendar days of the later of (a) the entry of an order by the Court finally approving the Settlement on the terms contained in the Stipulation and the amount of such Fees and Expenses, even though such order may be subject to appeal, and dismissing the Actions on the merits with prejudice; or (b) consummation of the Proposed Acquisition.  In the event that the Court's order approving the amount of Fees and Expenses is reversed or modified on appeal, Plaintiffs' counsel shall refund to Integrys (or its or the Integrys Board's insurer(s) or Integrys's successor-in-interest) the Fees and Expenses (or portion thereof) consistent with such reversal or modification.  Neither Integrys (nor its or the Integrys Board's insurer(s) nor Integrys's successor in interest) nor any of the Defendants shall have any obligation to pay any of the Fees and Expenses pursuant to the Settlement unless the Proposed Acquisition shall have been consummated.  Except as provided  herein, none of the Released Parties (or their insurer(s)) shall bear any other expenses, costs, damages or fees alleged, incurred or alleged to have been incurred by the named Plaintiffs, any member of the Class, or any of their respective attorneys, agents, experts, advisors, or representatives.

12.  **Final Approval.**  The Settlement is conditioned upon the Wisconsin Court's final approval, including entry of a final order and judgment approving the Settlement, dismissing the Amo Action on the merits with prejudice as to all claims asserted or which could have been asserted in the Actions, and without costs to any Party (other than as expressly provided herein), and providing for the releases set forth in paragraph 8 of this MOU, which final order and judgment is final and no longer subject to further appeal or review; provided, however, that the Wisconsin Court's final approval of the Settlement is not contingent on its approval of the Fees

17

and Expenses referred to in paragraph 11 of this MOU. The Settlement is further conditioned upon the Federal Court's dismissal of the Federal Actions; therefore, to the extent that fees and expenses have been paid to Plaintiffs' counsel prior to the decision of the Federal Court not to dismiss, such fees and expenses would be reimbursed to Defendants within 5 days of the decision by the Federal Court not to dismiss any of the Federal Actions.

13.     **Governing Law and Jurisdiction.** This MOU and the Settlement shall be governed by and construed in accordance with the laws of the State of Wisconsin, without regard to conflict of law principles. The Parties agree that any dispute arising out of or relating in any way to this MOU, the Stipulation, or the Settlement Documents shall not be litigated or otherwise pursued in any forum or venue other than this Court, except as otherwise provided in paragraph 11.

14.     **Binding Effect.** This MOU shall be binding upon and inure to the benefit of the Parties and their respective agents, executors, heirs, successors, and assigns.

15.     **Conditions.** This MOU shall be rendered null and void and of no force and effect, unless otherwise agreed by the Parties in writing, in the event that: (a) the Wisconsin Court fails to enter an order finally approving the Settlement, as set forth in paragraph 12 hereof; (b) the Federal Court fails to dismiss the Federal Actions; (c) Integrys and the other parties to the Merger Agreement terminate the Merger Agreement or the Proposed Acquisition is not consummated for any reason; or (d) the Wisconsin Court declines to conditionally certify the settlement Class as requested in the Stipulation. In such an event, or in the event any Party withdraws from the Settlement in accordance with the terms of this MOU, the Parties shall be deemed to be in the position they were in prior to the execution of this MOU and the statements

18

made herein shall not be deemed to prejudice in any way the positions of the Parties with respect

to the Actions, or to constitute an admission of fact or wrongdoing by any Party, and shall not

entitle any Party to recover any costs or expenses incurred in connection with the implementation

of paragraph 10 of this MOU.  In such event, and consistent with applicable evidentiary rules,

neither the existence of this MOU nor its contents shall be admissible in evidence or shall be

referred to for any purpose in the Actions or in any other proceeding, provided, however, that

nothing herein shall preclude use of the MOU in connection with any application for an award of

fees and expenses by Plaintiffs' counsel.  Without limiting the foregoing, if the Settlement does

not become final for any reason, Defendants reserve the right to oppose certification of any class

in any future proceedings.

16.     **Execution.**  This MOU will be executed by counsel for the Parties to the Actions,

each of whom represents and warrants that they have the authority from their client(s) to enter

into this MOU and bind their clients thereto.  Plaintiffs represent and warrant that they have been

shareholders of Integrys at all relevant times, that as of the date hereof, they continue to hold

their stock in Integrys and, if requested by any Defendant, shall provide written proof thereof

before execution of the Stipulation, and that none of Plaintiffs' claims or causes of action

referred to in the Actions or this MOU have been assigned, encumbered, or in any manner

transferred in whole or in part.  This MOU may be executed in any number of actual, telecopied,

or electronically distributed counterparts (including by way of conformed or electronic

signatures in accordance with applicable Court rules and procedures) and by each of the different

Parties on several counterparts, each of which when so executed and delivered will be an

original.  The executed signature page(s) from each actual, telecopied, or electronically

distributed counterpart may be joined together and attached and will constitute one and the same instrument.

17. **Modifications.**  This MOU may be modified or amended only by a writing executed by the Parties hereto (or on their behalf by counsel).

18. **Court Copy.**  Within one business day of the execution of this MOU, Plaintiffs' counsel shall provide a copy of this MOU to the Wisconsin Court and the Federal Court.

November 12, 2014

**[Signature Pages Follow]**

By:

_____
Bryan B. House
Phillip C. Babler
**FOLEY & LARDNER LLP**
777 East Wisconsin Ave.
Milwaukee, WI 53202-5306
Tel: (414) 271-2400

William J. Katt, Jr.
321 North Clark St., Suite 2800
Chicago, IL 60654-5313
Tel: (312) 832-4500
Fax: (312) 832-4700

*Counsel for Defendants Integrys Energy*
*Group, Inc., Charles A. Schrock, William J.*
*Brodsky, Albert J. Budney, Jr., Ellen*
*Carnahan, Michelle L. Collins, Kathryn M.*
*Hasselblad-Pascale, John W. Higgins, Paul*
*W. Jones, Holly Keller Koeppel, Michael E.*
*Lavin, William F. Protz, Jr.*

By:

*Shpetim Ademi (with permission RAR)*
_____
Guri Ademi
Shpetim Ademi
John D. Blythin
**ADEMI & O'REILLY, LLP**
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Tel: (866) 264-3995
Fax: (414) 482-8001

*Counsel for Plaintiffs*

By:

*[signature]*
_____
Sandra C. Goldstein
**CRAVATH, SWAINE & MOORE LLP**
Worldwide Plaza
825 8th Avenue
New York, NY 10019
(212) 474-1000

*Counsel for Defendants Integrys Energy*
*Group, Inc., Charles A. Schrock, William J.*
*Brodsky, Albert J. Budney, Jr., Ellen*
*Carnahan, Michelle L. Collins, Kathryn M.*
*Hasselblad-Pascale, John W. Higgins, Paul*
*W. Jones, Holly Keller Koeppel, Michael E.*
*Lavin, William F. Protz, Jr.*

By:

*Juan E. Monteverde (with permission RAR)*
_____
Juan E. Monteverde
**FARUQI & FARUQI, LLP**
369 Lexington Ave., 10th Fl.
New York, NY 10017
Tel: (212) 983-9330
Fax: (212) 983-9331

*Counsel for Plaintiff David Amo*

By: _____

Bryan B. House
Phillip C. Babler
**FOLEY & LARDNER LLP**
777 East Wisconsin Ave.
Milwaukee, WI 53202-5306
Tel: (414) 271-2400

William J. Katt, Jr.
321 North Clark St., Suite 2800
Chicago, IL 60654-5313
Tel: (312) 832-4500
Fax: (312) 832-4700

*Counsel for Defendants Integrys Energy Group, Inc., Charles A. Schrock, William J. Brodsky, Albert J. Budney, Jr., Ellen Carnahan, Michelle L. Collins, Kathryn M. Hasselblad-Pascale, John W. Higgins, Paul W. Jones, Holly Keller Koeppel, Michael E. Lavin, William F. Protz, Jr.*

By: _____

Sandra C. Goldstein
**CRAVATH, SWAINE & MOORE LLP**
Worldwide Plaza
825 8th Avenue
New York, NY 10019
(212) 474-1000

*Counsel for Defendants Integrys Energy Group, Inc., Charles A. Schrock, William J. Brodsky, Albert J. Budney, Jr., Ellen Carnahan, Michelle L. Collins, Kathryn M. Hasselblad-Pascale, John W. Higgins, Paul W. Jones, Holly Keller Koeppel, Michael E. Lavin, William F. Protz, Jr.*

By: _____

Guri Ademi
Shpetim Ademi
John D. Blythin
**ADEMI & O'REILLY, LLP**
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Tel: (866) 264-3995
Fax: (414) 482-8001

*Counsel for Plaintiffs*

By: _____

Juan E. Monteverde
**FARUQI & FARUQI, LLP**
369 Lexington Ave., 10th Fl.
New York, NY 10017
Tel: (212) 983-9330
Fax: (212) 983-9331

*Counsel for Plaintiff David Amo*

By:

_Donald K. Schott (with permission RAE)_

Donald K. Schott
Matthew J. Splitek
**QUARLES & BRADY LLP**
33 East Main Street, Suite 900
Madison, Wisconsin 53703-3095
(608) 251-5000

E. King Poor
Christopher J. Zdarsky
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654
Tel: (312)715-5000
Fax: (312) 715-5155

*Counsel for Wisconsin Energy Corporation and Gale E. Klappa*

By:

_Thomas J. McKenna (with permission RAE)_

Thomas J. McKenna
Gregory M. Egleston
**GAINEY McKENNA & EGLESTON**
440 Park Ave. South, 5th Fl.
New York, NY 10016
Tel: (212) 683-3400
Fax: (212) 683-3402

*Counsel for Plaintiff Adam Ari Blachor*

By:

_Robert S. Saunders (with permission RAE)_

Robert S. Saunders
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
(302) 651-3000

*Counsel for Wisconsin Energy Corporation and Gale E. Klappa*

By:

_Peter B. Andrews (with permission RAE)_

Peter B. Andrews
David Sborz
**ANDREWS & SPRINGER, LLC**
3801 Kennett Pike
Building C, Suite 305
Wilmington, DE 19807
Tel: (302) 504-4957
Fax: (302) 397-2681

*Counsel for Plaintiffs Constantino Albera and Ellin Black*

2

By:

_Kent A. Bronson/ with permission RAR_

Kent A. Bronson
Christopher Schuyler
**MILBERG LLP**
One Pennsylvania Plaza
New York, NY 10119
Tel:  (212) 594-5300

*Counsel  for  Plaintiffs  Samuel  Rubin  and
Pauline Rubin*


By:

_Donald J. Enright/ with permission RAR_

Donald J. Enright, Esq.
**LEVI & KORSINSKY, LLP**
1101 30th Street, NW
Suite 115
Washington, D.C. 20007
Tel:  (202) 524-4290
Fax:  (202) 333-2121

*Counsel for Plaintiff Inman*


By:

_Patrick V. Dahlstrom/ with permission RAR_

Patrick V. Dahlstrom, Esq.
**POMERANTZ LLP**
10 South LaSalle Street
Suite 3505
Chicago, IL 60603
Tel:  (312) 377-1181
Fax:  (312) 377-1184

*Counsel for Plaintiffs Steiner and Collison*

3

By:

Benjamin Y. Kaufman, Esq.
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLC**
270 Madison Avenue
New York, NY 10016
Tel:  (212) 545-4600
Fax:  (212) 545-4653

*Counsel for Plaintiff Tri-State Joint Fund*

4

**EXHIBIT A**

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
**Washington, D.C. 20549**

## FORM 8-K

**CURRENT REPORT**
**Pursuant to Section 13 OR 15(d) of The Securities Exchange Act of 1934**

Date of Report (Date of earliest event reported): **November 12, 2014**

# Integrys Energy Group, Inc.

(A Wisconsin Corporation)

| | | |
|---|---|---|
| **Illinois**<br>**(State or Other Jurisdiction**<br>**of Incorporation)** | **1-11337**<br>**(Commission**<br>**File Number)** | **39-1775292**<br>**(IRS Employer**<br>**Identification No.)** |

**200 East Randolph Street**
**Chicago, IL**
**(Address of Principal Executive**
**Offices)**

**60601-6207**
**(Zip Code)**

**(312) 228-5400**
**(Registrant's telephone number,**
**including area code)**

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

☒ Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

☐ Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

☐ Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

☐ Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

**Item 8.01     Other Events**

**Introduction**

As announced on June 23, 2014, Integrys Energy Group, Inc., a Wisconsin corporation ("Integrys"), and Wisconsin Energy Corporation, a Wisconsin corporation ("Wisconsin Energy"), entered into an Agreement and Plan of Merger (the "Merger Agreement").  Thereafter, WEC Acquisition Corp., a Wisconsin corporation and a wholly owned subsidiary of Wisconsin Energy ("Merger Sub"), and GET Acquisition Corp., a Wisconsin corporation and a wholly owned subsidiary of Wisconsin Energy ("Subsequent Merger Sub"), became parties to the Merger Agreement via the execution of a Joinder Agreement. Pursuant to the terms of the Merger Agreement, Merger Sub will merge with and into Integrys (the "Merger"), with Integrys continuing as the surviving corporation and a wholly owned subsidiary of Wisconsin Energy.  Immediately thereafter, Integrys will merge with and into Subsequent Merger Sub, with Subsequent Merger Sub continuing as the surviving corporation and a wholly owned subsidiary of Wisconsin Energy.  On October 14, 2014, Wisconsin Energy and Integrys each filed with the Securities and Exchange Commission (the "SEC") a definitive joint proxy statement/prospectus (the "Definitive Joint Proxy Statement/Prospectus") in connection with the Merger, which is included in the Registration Statement on Form S-4, file No. 333-198096, filed by Wisconsin Energy with the SEC and declared effective by the SEC on October 6, 2014.  The Definitive Joint Proxy Statement/Prospectus was first mailed to the shareholders of Wisconsin Energy and Integrys on or about October 21, 2014.  Integrys is making this filing in connection with the execution of a memorandum of understanding (the "MOU") regarding the settlement of certain litigation arising out of the announcement of the Merger Agreement.

As disclosed in the Definitive Joint Proxy Statement/Prospectus (and in a Quarterly Report on Form 10-Q filed by Integrys on November 6, 2014), since the June 23, 2014 announcement of the merger agreement, Integrys and its board of directors, along with Wisconsin Energy, were named defendants in ten class action lawsuits and/or derivative complaints brought by purported Integrys Energy Group shareholders challenging the proposed merger. Two lawsuits were filed in the Circuit Court of Milwaukee County, Wisconsin (the "Wisconsin Court"), *Amo v. Integrys Energy Group, Inc., et al.*, (the "Amo Action") and *Inman v. Schrock, et al.*, (the "Inman Action"). Three lawsuits were filed in the Circuit Court of Brown County, Wisconsin: *Rubin v. Integrys Energy Group, Inc., et al.*; *Blachor v. Integrys Energy Group, Inc., et al.*; *Albera v. Integrys Energy Group, Inc., et al.* (together with the Amo and Inman Actions, the "Wisconsin Actions"). Two lawsuits were filed in the Circuit Court of Cook County, Illinois, *Taxman v. Integrys Energy Group, Inc., et al.*, and *Curley v. Integrys Energy Group, Inc., et al.*, (the "Illinois Actions"). Three lawsuits were filed in the United States District Court for the Northern District of Illinois (the "Federal Court"), *Steiner v. Budney, et al.*, and *Collison v. Schrock, et al.*, (the "Steiner and Collison Actions"); and *Tri-State Joint Fund v. Integrys Energy Group, Inc., et al.*, (the "Tri-State Action").

2

Each of the Wisconsin and Illinois Actions was either dismissed or consolidated with the Amo Action, and, with the exception of the Inman plaintiff—whose Action was consolidated after the fact—the plaintiffs in the Wisconsin Actions joined Plaintiff Amo in filing an Amended Complaint on October 3, 2014. The Collison Action was consolidated with the Steiner Action.

The Wisconsin Actions and Steiner and Collison Actions allege, among other things, that members of the Integrys board breached their fiduciary duties in connection with the proposed transaction; that the merger agreement involves an unfair price; that it was the product of an inadequate sales process; that it contains unreasonable deal protection devices that purportedly preclude competing offers; that the members of the Integrys board were unjustly enriched at the expense of Integrys; and that the preliminary joint proxy statement/prospectus omits material information. The complaints further variously allege that Integrys, Wisconsin Energy, and/or its acquisition subsidiaries aided and abetted the purported breaches of fiduciary duty. The plaintiffs in these lawsuits seek, among other things, (i) a declaration that the merger agreement was entered into in breach of the Integrys directors' fiduciary duties, (ii) an injunction enjoining the Integrys board from consummating the merger, (iii) an order directing the Integrys board to exercise their duties to obtain a transaction which is in the best interests of Integrys' shareholders, (iv) an order granting the class members any benefits allegedly improperly received by the defendants, (v) a rescission of the merger or damages, in the event that it is consummated, (vi) disgorgement of benefits or compensation obtained as a result of the purported breaches of fiduciary duty, and/or (vii) an order directing additional disclosure regarding the merger. The Tri-State Action seeks to enjoin the proposed transaction and alleges that Integrys, its board, Wisconsin Energy, and Gale E. Klappa (the Wisconsin Energy Chief Executive Officer) violated Sections 14(a) and 20(a) of the 1934 Securities Exchange Act and Rule 14a-9 promulgated thereunder. It alleges, among other things, that the registration statement misrepresented or omitted material facts, including material information about the allegedly unfair and conflicted sales process, the inadequate consideration offered in the proposed transaction, and Integrys' actual intrinsic value.

On November 12, 2014, counsel for Integrys, the Integrys board of directors, Mr. Klappa, and Wisconsin Energy entered into an MOU with counsel for plaintiffs in the Amo, Steiner and Collison, and Tri-State Actions pursuant to which Wisconsin Energy and Integrys have agreed to make the disclosures concerning the Merger set forth below. The MOU also provides that, solely for purposes of settlement, the Wisconsin Court will certify a class consisting of all persons who were record or beneficial shareholders of Integrys at any time between June 23, 2014 and the consummation of the Merger (the "Class"). In addition, the MOU provides that, subject to approval by the Wisconsin Court after notice to the members of the Class (the "Class Members"), the Amo, Steiner and Collison, and Tri-State Actions will be dismissed with prejudice and all claims, including derivative claims, that the Class Members may possess with regard to the Merger will be released. In connection with the settlement, the plaintiffs' counsel has expressed its intention to seek an award of attorneys' fees and expenses. The amount of the award to the plaintiffs' counsel will ultimately be determined by the Wisconsin and/or Federal Courts. This payment will not affect the amount of merger consideration to be received by any Integrys shareholder in the Merger. There can be no assurance that the parties will ultimately enter into a definitive settlement agreement or that the Wisconsin Court will approve the settlement. In the absence of either event, the proposed settlement as contemplated by the MOU may be terminated.

Integrys, the Integrys board of directors, Mr. Klappa, and Wisconsin Energy each have denied, and continue to deny, that they have committed or aided and abetted in the commission of any violation of law or breaches of duty or engaged in any of the alleged wrongful acts and Integrys, the Integrys board of directors, Mr. Klappa, and Wisconsin Energy expressly maintain that they diligently and scrupulously complied with their fiduciary, disclosure and other legal duties. Integrys, the Integrys board of directors, Mr. Klappa, and Wisconsin Energy are entering into the MOU and the contemplated settlement solely to eliminate the risk, burden and expense of further litigation. Nothing in the MOU, any settlement agreement or any public filing, including this Current Report on Form 8-K (this "Current Report"), is or shall be deemed to be an admission of the legal necessity of filing or the materiality under applicable laws of any of the additional information contained herein or in any public filing associated with the proposed settlement of the Amo, Steiner and Collison, and Tri-State Actions.

**Supplemental Disclosures**

Solely in connection with the contemplated settlement of the Amo, Steiner and Collison, and Tri-State Actions, Integrys and Wisconsin Energy have agreed to make the following supplemental disclosures to the Definitive Joint Proxy Statement/Prospectus. The following information should be read in conjunction with the Definitive Joint Proxy Statement/Prospectus, which should be read in its entirety. The information contained in this Current Report is incorporated by reference into the Registration Statement and the Definitive Joint Proxy Statement/Prospectus included therein.  All page references in the information below are to pages in the Definitive Joint Proxy Statement/Prospectus, and capitalized terms used in this Current Report shall have the meanings set forth in the Definitive Joint Proxy Statement/Prospectus, unless otherwise defined herein.

(1)     <u>Supplement to "Background of the Merger"</u>

*The following disclosure supplements and replaces the second sentence of the fourteenth paragraph (which paragraph begins "On February 13…") under the heading "Background of the Merger" on page 41 of the Definitive Joint Proxy Statement/Prospectus:*

4

At the meeting, the Integrys Board met in executive session with Mr. Schrock present, during which Mr. Schrock summarized his communications with Mr. Klappa since December 18, 2013.

*The following disclosure supplements and is to be inserted after the fourth sentence of the fourteenth paragraph (which paragraph begins "On February 13...") under the heading "Background of the Merger" on page 41 of the Definitive Joint Proxy Statement/Prospectus:*

Lazard's list identified, based on Lazard's professional judgment and experience, those potential counterparties that Lazard believed to have the greatest likelihood of possessing the strategic motivation and fit, stakeholder and regulatory skills, and, to the extent relevant, financial resources to pursue, enter into and successfully close a transaction with Integrys.

*The following disclosure supplements and replaces the final sentence of the sixteenth paragraph (which paragraph begins "On March 1...") under the heading "Background of the Merger" on page 42 of the Definitive Joint Proxy Statement/Prospectus:*

At this meeting, the Integrys Board resolved to amend and expand the existing advisory services agreement with Lazard in regard to potential strategic transactions.

*The following disclosure supplements and is to be inserted after the final sentence of the thirty third paragraph (which paragraph begins "On April 29...") under the heading "Background of the Merger" on page 45 of the Definitive Joint Proxy Statement/Prospectus:*

At the meeting, the Integrys Board met in executive session with Mr. Schrock present, during which Mr. Schrock discussed the potential for a retention program for employees in light of the pending transaction.

*The following disclosure supplements and replaces the second sentence of the forty second paragraph (which paragraph begins "On May 15...") under the heading "Background of the Merger" on page 46 of the Definitive Joint Proxy Statement/Prospectus:*

At the meeting, the Integrys Board met in executive session with Mr. Schrock present, during which a representative of Lazard reviewed Lazard's revised analysis of Integrys' management plan, Wisconsin Energy's long-term plan and Wisconsin Energy's revised non-binding indicative offer.

*The following disclosure supplements and is to be inserted before the final sentence of the sixty ninth paragraph (which paragraph begins "On June 16, 2014, the Integrys Board...") under the heading "Background of the Merger" on page 49 of the Definitive Joint Proxy Statement/Prospectus:*

The Board also discussed the number of directors from Integrys' Board that would be appointed to the Wisconsin Energy Board upon consummation and whether Integrys or Wisconsin Energy would select such directors, but there was no discussion on which Integrys directors would be so appointed. The Board also discussed the open issue relating to the size of the termination fee and asked questions about the need for a termination fee and what would be customary based on similar transactions.

*The following disclosure supplements and is to be inserted after the fifth sentence of the seventy third paragraph (which paragraph begins "On June 18, 2014, the Integrys Board…") under the heading "Background of the Merger" on page 50 of the Definitive Joint Proxy Statement/Prospectus:*

The members of the Integrys Board disclosed potential conflicts of interest, including: Mr. Brodsky's ownership of a small number of Wisconsin Energy shares through his living trust account; Mr. Jones co-leasing arrangements for a suite in Miller Park that he shares with Wisconsin Energy; and, Ms. Collins noted that she served on a panel recently with a Wisconsin Energy director.

*The following disclosure supplements and is to be inserted before the penultimate sentence of the seventy third paragraph (which paragraph begins "On June 18, 2014, the Integrys Board…") under the heading "Background of the Merger" on page 51 of the Definitive Joint Proxy Statement/Prospectus:*

Mr. Schrock also added that, in his conversation with Mr. Klappa earlier that morning, Mr. Klappa described that this latest revised proposal was Wisconsin Energy's best and final offer.

(2)     <u>Supplement to "Integrys Unaudited Prospective Financial Information"</u>

*The following text shall be inserted as a new paragraph on page 64 of the Definitive Joint Proxy Statement/Prospectus before the heading "Integrys Base case":*

EBITDA, EBIT and Net Income in each of the Integrys Base case, Integrys Enhanced Status Quo case and Integrys Downside case include Integrys equity share of earnings of ATC resulting from Integrys' ownership interest therein.

*The table appearing under the heading "Integrys Base case" on page 64 of the Definitive Joint Proxy Statement/Prospectus shall be replaced with the following:*

*Integrys Base case*[1]

| | Year Ended December 31, | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | **2014E** | | **2015E** | | **2016E** | | **2017E** | | **2018E** |
| | | | | | ($ in millions) | | | | |
| Net Revenue | $ | 2,301 | $ | 2,038 | $ | 2,176 | $ | 2,242 | $ | 2,415 |
| EBITDA | $ | 912 | $ | 932 | $ | 1,032 | $ | 1,074 | $ | 1,204 |
| EBIT | $ | 595 | $ | 626 | $ | 702 | $ | 728 | $ | 830 |
| Net Income | $ | 435 | $ | 294 | $ | 328 | $ | 337 | $ | 386 |
| Dividends per Share | $ | 2.72 | $ | 2.74 | $ | 2.78 | $ | 2.82 | $ | 2.99 |
| Free Cash Flow | $ | 509 | $ | (150) | $ | (197) | $ | (156) | $ | 45 |
| Capital Expenditures | $ | 1,077 | $ | 799 | $ | 916 | $ | 896 | $ | 772 |

[1] Projections for Integrys for the years ended December 31, 2014E-2018E were derived from Integrys' management plan.

(3)    Supplement to Lazard's "Sum-of-the-Parts Discounted Cash Flow Analysis"

*The following disclosure supplements and is to be inserted after the final sentence of the third full paragraph (which paragraph begins "To value the ATC and Other segments…") under the heading "Sum-of-the-Parts Discounted Cash Flow Analysis" on page 80 of the Definitive Joint Proxy Statement/Prospectus:*

Each multiple range was selected based on Lazard's professional judgment and experience.

*The following disclosure supplements and is to be inserted after the final sentence of the eighth full paragraph (which paragraph begins "To value ATC and Other segments…") under the heading "Sum-of-the-Parts Discounted Cash Flow Analysis" on page 81 of the Definitive Joint Proxy Statement/Prospectus:*

Each multiple range was selected based on Lazard's professional judgment and experience.

(4)    Supplement to Lazard's "Selected Precedent Transactions Multiples Analysis"

*The table appearing under the heading "Selected Precedent Transactions Multiples Analysis" on page 84 of the Definitive Joint Proxy Statement/Prospectus shall be replaced with the following:*

| Announcement Date | Acquiror | Target | Transaction Multiples | |
|---|---|---|---|---|
| | | | P/E FY+1[1] | EV/EBITDA FY+2[1] |
| 4/30/2014[2] | Exelon Corporation | Pepco Holdings, Inc. | 22.8x | 9.8x |
| 4/7/2014 | Laclede Gas Company | Energen Corp. (Alagasco) | N/A | N/A |
| 12/11/2013[2] | Fortis Inc. | UNS Energy Corporation | 18.3x | 8.6x |
| 5/29/2013[2] | Berkshire Hathaway Energy Company (f/k/a MidAmerican Energy Holdings Company) | NV Energy, Inc. | 17.7x | 9.0x |
| 2/21/2012[2] | Fortis Inc. | CH Energy Group, Inc. | 19.6x | 9.5x |
| 7/12/2011[2] | Gaz Métro Limited Partnership | Central Vermont Public Service Corporation | 19.6x | N/A |
| 4/28/2011 | Exelon Corporation | Constellation Energy Group, Inc. | 11.9x | 6.5x |
| 4/20/2011 | The AES Corporation | DPL Inc. | 12.4x | 7.6x |
| 1/10/2011[2] | Duke Energy Corporation | Progress Energy, Inc. | 15.2x | 9.2x |
| 12/7/2010 | AGL Resources Inc. | Nicor Gas Company | 18.1x | N/A |
| 5/25/2010 | UIL Holdings Corporation | Iberdrola USA (New England Gas Utilities) | N/A | N/A |
| 2/11/2010 | FirstEnergy Corp. | Allegheny Energy, Inc. | 12.1x | 6.3x |
| 10/26/2007[2] | Macquarie Infrastructure Partners | Puget Energy, Inc. | 17.6x | 9.4x |
| 6/25/2007 | Iberdrola, S.A. | Energy East Corporation | 18.8x | 7.5x |
| 2/26/2007 | KKR/TPG: Texas Energy Future Holdings Limited Partnership | TXU Corp. | 13.6x | 8.1x |
| 2/7/2007 | Great Plains Energy Incorporated / Black Hills Corp. | Aquila, Inc. | 22.7x | 8.4x |
| 7/10/2006 | WPS Resources Corp. | Peoples Energy Corp. | 18.7x | N/A |
| 7/5/2006 | Macquarie Infrastructure Partners and Diversified Utility and Energy Trusts | Duquesne Light Holdings | 17.4x | N/A |
| 2/27/2006 | National Grid USA | KeySpan Corporation | 17.1x | 8.4x |
| 5/24/2005 | Berkshire Hathaway Energy Company (f/k/a MidAmerican Energy Holdings Company) | PacifiCorp | N/A | N/A |
| 5/9/2005 | Duke Energy Corporation | Cinergy Corp. | 15.0x | N/A |

[1]  Based on Wall Street research.  "FY+1" means for the fiscal year immediately following the fiscal year in which the relevant transaction was announced.  "FY+2" means for the second fiscal year following the fiscal year in which the relevant transaction was announced.

[2] Lazard provided additional metrics for illustrative purposes with respect to these selected transactions.

(5)    Supplement to Lazard's "Other Analyses"

*The following text shall be inserted as a new section on page 87 of the Definitive Joint Proxy Statement/Prospectus before the heading "Pro Forma Total Shareholder Return Analysis":*

*Pro Forma Intrinsic Value Analysis*

Using the mid-point of the estimated sum of the parts discounted cash flow values of Integrys and Wisconsin Energy, Lazard calculated the merger's effect on the intrinsic value of Integrys' ownership stake in the combined entity as compared to the intrinsic value of Integrys as a standalone entity.  Beginning with the full intrinsic value of standalone Integrys, Lazard added the full intrinsic value of standalone Wisconsin Energy.  Lazard then added the value of potential cost savings that could arise from the merger and the value that could be created as a result of expected multiple uplift associated with majority control of ATC.  Based on the calculations set forth above, this analysis implied that the merger would result in a 14% increase in intrinsic value to Integrys and would reflect total value to Integrys of $74.35 per share.

Lazard's intrinsic value analysis did not take into account value associated with enhanced dividend, selected transaction benefits (*e.g.*, multiple expansion, capital reallocation, etc.) or the value impact of breakage costs (*e.g.*, regulatory concessions associated with transaction approval, delay of Integrys generation investment given Wisconsin Energy's capacity surplus, etc.).  In addition, by its nature, intrinsic value analysis does not account for potential changes in multiples associated with interest rates.

**Cautionary Statements Regarding Forward-Looking Statements**

This Current Report and the Definitive Joint Proxy Statement/Prospectus contain certain forward-looking statements with respect to the financial condition, results of operations and business of Wisconsin Energy and Integrys and the combined businesses of Integrys and Wisconsin Energy and certain plans and objectives of Wisconsin Energy and Integrys with respect thereto, including the expected benefits of the merger. These forward-looking statements can be identified by the fact that they do not relate only to historical or current facts. Forward-looking statements often use words such as "anticipate", "target", "expect", "estimate", "intend", "plan", "goal", "believe", "hope", "aim", "continue", "will", "may", "would", "could" or "should" or other words of similar meaning or the negative thereof. There are several factors which could cause actual plans and results to differ materially from those expressed or implied in forward-looking statements.

Such factors include, but are not limited to, those set forth under "Risk Factors" beginning on page 32 of the Definitive Joint Proxy Statement/Prospectus as well as, among others, the following:

- the expected completion of the merger;

- the possibility that the value creation from the merger will not be realized, or will not be realized within the expected time period;

- the risk that the businesses of Wisconsin Energy and Integrys will not be integrated successfully;

- disruption from the merger making it more difficult to maintain business and operational relationships;

- the risk that unexpected costs will be incurred;

- changes in economic conditions, political conditions, trade protection measures, licensing requirements and tax matters;

- the possibility that the merger does not close, including, but not limited to, due to the failure to satisfy the closing conditions; and

- the risk that financing for the merger may not be available on favorable terms.

These forward-looking statements are based on numerous assumptions and assessments made by Wisconsin Energy and/or Integrys in light of their experience and perception of historical trends, current conditions, business strategies, operating environment, future developments and other factors that each party believes appropriate. By their nature, forward-looking statements involve known and unknown risks and uncertainties because they relate to events and depend on circumstances that will occur in the future. The factors described in the context of such forward-looking statements in this Current Report and the Definitive Joint Proxy Statement/Prospectus could cause actual results, performance or achievements, industry results and developments to differ materially from those expressed in or implied by such forward-looking statements. Although it is believed that the expectations reflected in such forward-looking statements are reasonable, no assurance can be given that such expectations will prove to have been correct and persons reading this Current Report or the Definitive Joint Proxy Statement/Prospectus are therefore cautioned not to place undue reliance on these forward-looking statements which speak only as of the date of this Current Report. Neither Wisconsin Energy nor Integrys assumes any obligation to update the information contained in this Current Report or the Definitive Joint Proxy Statement/Prospectus (whether as a result of new information, future events or otherwise), except as required by applicable law.

9

A further list and description of risks and uncertainties at Wisconsin Energy can be found in Wisconsin Energy's Annual Report on Form 10-K for the fiscal year ended December 31, 2013 and in its reports filed on Form 10-Q and Form 8-K. A further list and description of risks and uncertainties at Integrys can be found in Integrys' Annual Report on Form 10-K for the fiscal year ended December 31, 2013 and in its reports filed on Form 10-Q and Form 8-K. See "Where You Can Find More Information" beginning on page 174 of the Joint Proxy Statement/Prospectus for a list of the SEC documents incorporated by reference herein.

**Additional Information and Where to Find It**

Wisconsin Energy has filed with the SEC a registration statement on Form S-4 of which the Definitive Joint Proxy Statement/Prospectus forms a part. INVESTORS AND SECURITY HOLDERS ARE URGED TO READ THE DEFINITIVE JOINT PROXY STATEMENT/PROSPECTUS AND ANY OTHER RELEVANT DOCUMENTS FILED OR TO BE FILED WITH THE SEC BY WISCONSIN ENERGY OR INTEGRYS, BECAUSE THEY CONTAIN OR WILL CONTAIN IMPORTANT INFORMATION ABOUT WISCONSIN ENERGY, INTEGRYS AND THE PROPOSED TRANSACTION. The joint proxy statement/prospectus and other documents relating to the proposed transaction can be obtained free of charge from the SEC's website at www.sec.gov. You can obtain any of the other documents referenced above from the SEC, through the SEC's web site at the address indicated above, or from Wisconsin Energy or Integrys, as applicable, by requesting them in writing or by telephone from the appropriate company at the following addresses and telephone numbers:

By Mail:

Wisconsin Energy Corporation
231 West Michigan Street
P.O. Box 1331
Milwaukee, WI 53201
Attn: Ms. Susan H. Martin,
Executive Vice President,
General Counsel and
Corporate Secretary
Telephone: (414) 221-2345

By Mail:

Integrys Energy Group, Inc.
200 East Randolph Street
Chicago, IL 60601-6207
Telephone: (800) 228-6888
Attn: Investor Relations
Email: TEGinvestors@integrysgroup.com

10

These documents are available from Wisconsin Energy or Integrys, as the case may be, without charge, excluding any exhibits to them unless the exhibit is specifically listed as an exhibit to the registration statement of which this joint proxy statement/prospectus forms a part. You can also find information about Wisconsin Energy and Integrys at their Internet websites at www.wisconsinenergy.com and www.integrysgroup.com, respectively. Information contained on these websites does not constitute part of this Current Report or the Definitive Joint Proxy Statement/Prospectus.

You may also obtain documents incorporated by reference into this Current Report or the Definitive Joint Proxy Statement/Prospectus by requesting them in writing or by telephone from Morrow & Co., LLC, Wisconsin Energy's proxy solicitor, or Georgeson Inc., Integrys' proxy solicitor, at the following addresses and telephone numbers:

| **For Wisconsin Energy Stockholders:** | **For Integrys Shareholders:** |
|---|---|
| Morrow & Co., LLC | Georgeson Inc. |
| 470 West Avenue—3rd Floor | 480 Washington Blvd., 26th Floor |
| Stamford, CT 06902 | Jersey City, NJ 07310 |
| Banks and Brokers Call: (203) 658-9400 | All Shareholders Please Call: (866) 482-5026 |
| Stockholders Call Toll Free: (888) 836-9724 | Email: TEGinfo@georgeson.com |
| Email: wec.info@morrowco.com | |

**Participants in Solicitation**

This Current Report is not a solicitation of a proxy from any investor or security holder. However, Wisconsin Energy, Integrys and certain of their respective directors and executive officers may be deemed to be participants in the solicitation of proxies in connection with the proposed transaction under the rules of the SEC. Information regarding Wisconsin Energy's directors and executive officers may be found in its Annual Report for the year ended December 31, 2013 on Form 10-K filed with the SEC on February 27, 2014 and the definitive proxy statement relating to its May 2, 2014 Annual Meeting of Stockholders filed with the SEC on March 21, 2014. Information regarding Integrys' directors and executive officers may be found in its Annual Report for the year ended December 31, 2013 on Form 10-K filed with the SEC on February 27, 2014 and the definitive proxy statement relating to its May 15, 2014 Annual Meeting of Shareholders filed with the SEC on March 27, 2014. These documents can be obtained free of charge from the sources indicated above. Additional information regarding the interests of these participants is also included in the Definitive Joint Proxy Statement/Prospectus.

**Non-Solicitation**

This communication shall not constitute an offer to sell or the solicitation of an offer to sell or the solicitation of an offer to buy any securities, nor shall there be any sale of securities in any jurisdiction in which such offer, solicitation or sale would be unlawful prior to registration or qualification under the securities laws of any such jurisdiction. No offer of securities shall be made except by means of a prospectus meeting the requirements of Section 10 of the Securities Act of 1933, as amended.

## SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

**INTEGRYS ENERGY GROUP, INC.**

By:     /s/ Jodi J. Caro
        _____
        Name:  Jodi J. Caro
        Title:    Vice President, General Counsel and Secretary